In the Matter of the Claim of RALPH SERRAPICA, Respondent, against PRESTO PLASTIC PRODUCTS CO., INC., Employer, and GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD., Appellant, and CENTURY INDEMNITY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the carrier from an award for compensation upon the theory that there was a second carrier and that the award should be made against both. The evidence sustains the award against the appellant. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ. [See *post*, p. 949.]

In the Matter of the Claim of MICHAEL DIBARI, Respondent, against JAMES J. REILLY, Doing Business as REILLY'S BAR & GRILL, Respondent, and NATIONAL CASUALTY COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the carrier from an award made by the Workmen's Compensation Board in favor of the claimant. The sole question is policy coverage. The employer has not appealed. The employer conducted a bar and grill and claimant was employed as a plasterer. On December 30, 1946, he was injured in the regular course of his employment. The employer's place of business was at 1103 Manhattan Avenue, Brooklyn. Prior to the time of the accident, the employer was required to vacate the premises which he occupied and he leased new quarters on the opposite side of the street at 1102 Manhattan Avenue. These premises were vacant and required renovation before the business could be moved and the employer engaged workmen, including claimant, for that purpose. At the time of the accident the employer was operating his business at 1103 Manhattan Avenue. When the renovations were completed across the street the business was removed to that location, about three months after claimant's accident. The carrier had issued a policy of insurance covering the restaurant business at 1103 Manhattan Avenue and this was in full force and effect at the time of the accident. It included the usual clauses protecting the insured. The Workmen's Compensation Board found that the work which claimant was performing was in connection with and incidental to the business conducted by the employer at 1103 Manhattan Avenue and that the policy covered the risk. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.